**Order filed May 6, 2014.**



In The

# Court of Appeals
## For The
## First District of Texas

_____

### NO. 01-12-00896-CR

### CRAIG LYNN BEAL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No 8**
**Harris County, Texas**
**Trial Court Case  1793757**

---

## ORDER OF CONTINUING ABATEMENT

This case was abated on **October 29, 2013** for a hearing on indigence and appointment of counsel. The trial court held the **abatement hearing on November 11, 2013**, and the clerk of the trial court has filed a supplemental record containing handwritten notes from that hearing. The court reporter's record of that hearing was due on **November 29, 2013**, and has not been filed. Therefore, we are not in receipt of a

record reflecting proper admonishments have been provided to Beal about the dangers of proceeding pro se in accordance with our order of October 29, 2013.

In cause number 01-13-00227-CR, *Washington v. State*, this Court ordered **Sondra Humphrey** to appear and show cause as to why she had not filed the reporter's record in this court. On March 26, 2014, Humphrey failed to appear as noticed. Humphrey has also failed to file reporter records in cause numbers 01-13-00633-CR, *Matamoros v. State*, 01-13-00896-CR, *Bankett v. State*, and 01-13-01048-CR, *Acosta v. State*.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. See Tex. R. App. P. 35.3(c). Because the reporter's record of the November 11, 2013 abatement hearing has not been filed timely as ordered in this cause and because Humphrey is delinquent on the matters listed above, we issue the following order.

We direct the judge of the County Criminal Court at Law No 8 to conduct a hearing at which **Sondra Humphrey**, a court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether **Sondra Humphrey** should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate

the appeal on its own motion. If **Humphrey** files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.


PER CURIAM


Panel consists of Chief Justice Radack and Justices Higley and Brown.